UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ABIOMED, INC.,            )
                          )
        Plaintiff,        )
                          )
v.                        )   Civil Action No. 05CV10105NMG
                          )
MICHAEL L. TURNBULL,      )
                          )
        Defendant.        )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant Michael L. Turnbull, an Ohio resident with only sporadic contacts with the Commonwealth of Massachusetts, moves to dismiss with prejudice Plaintiff Abiomed, Inc.'s ("Abiomed") Complaint for lack of personal jurisdiction. As set out more fully below, Abiomed has failed to demonstrate an adequate basis for asserting personal jurisdiction over Mr. Turnbull in Massachusetts.

## FACTS

**A.    Defendant's Lack Of Contacts With The Forum**

Mr. Turnbull is a resident of the State of Ohio. Compl. at ¶ 2. He is employed by Thoratec Corporation ("Thoratec"), a California corporation, in the capacity of Senior Region Sales Manager – Midwest, and works exclusively out of his home office in Columbus, Ohio. See Compl. at ¶ 2; Affidavit of Michael L. Turnbull (attached hereto as Exhibit A and hereinafter referred to as, "Turnbull Aff.") at ¶¶ 2, 3. In this role, Mr. Turnbull has responsibility for supervising Thoratec sales and clinical personnel in Pittsburgh, Chicago, Minneapolis, Wichita, Milwaukee, Salt Lake City, San Francisco and San Diego. See Turnbull Aff. at ¶ 2.

During a portion of the time at issue, Mr. Turnbull also supervised from his Ohio office an employee based in Boston, Massachusetts. Id. at ¶ 4. Mr. Turnbull is registered to vote in Ohio; holds an Ohio driver's license; owns tangible property and assets in Ohio; and pays property, income and excise taxes in Ohio. Id. at ¶ 6.

Conversely, Mr. Turnbull has never resided in Massachusetts; has never owned any tangible property or assets in Massachusetts; has never paid any property, excise or income tax in Massachusetts; has never consented to be sued in Massachusetts; and has never designated an agent for service in Massachusetts. Id. at ¶¶ 7. In the six years between 1999 and 2004, Mr. Turnbull only visited Massachusetts a handful of times and has never remained in Massachusetts for more than four consecutive days. Id. at ¶ 5.

**B.     Plaintiff's Factual Allegations**

The Complaint centers around Mr. Turnbull's posting of comments concerning Plaintiff's AbioCor artificial heart product on an internet message board hosted by Yahoo! Inc. See Compl. ¶11-16. Abiomed claims that by obtaining and posting information about the AbioCor on the web, Mr. Turnbull misappropriated its confidential and proprietary information and trade secrets, interfered with Plaintiff's contractual relations, sought to compete unfairly with Plaintiff and published defamatory information concerning Plaintiff and its products. See Compl. at Counts I-V.

Abiomed's jurisdictional allegations are limited to specifying the citizenship of the parties (Abiomed in Massachusetts and Mr. Turnbull in Ohio) and asserting that Thoratec, which is not a party to this action, conducts business in Massachusetts. Compl. at ¶¶ 1-2. Neither the Complaint nor the alleged offending newsgroup postings (attached as exhibits thereto) concern the Massachusetts activities of either Abiomed or Mr. Turnbull. The postings do, however, refer

to supposed implants of the AbioCor in patients located in Houston, Texas and Louisville, Kentucky. See Compl. at Exhibits B, C. Mr. Turnbull does not recall posting any AbioCor information from Massachusetts sources and did not place any of the alleged defamatory Yahoo! newsgroup postings from within the Commonwealth of Massachusetts. Turnbull Aff. at ¶ 9.

## ARGUMENT

This Court may not exercise personal jurisdiction over Mr. Turnbull because Abiomed cannot demonstrate that he has contacts with Massachusetts sufficient to satisfy the due process clause of the Fourteenth Amendment or the Massachusetts long-arm statute. See Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995). In attempting to meet this threshold, Abiomed may not rely on the conclusory allegations in the Complaint alone, but instead must assert affirmative proof of jurisdictional contacts. See United States v. Swiss Amer. Bank, Ltd., 274 F.3d 610, 619 (1st Cir. 2001); Mass. Sch. of Law at Andover v. Amer. Bar Assoc., 142 F.3d 26, 34 (1st Cir. 1998). Because Mr. Turnbull is an Ohio resident who rarely traveled to Massachusetts and the conduct alleged in the Complaint is completely unrelated to his few Massachusetts contacts, Abiomed's burden has not been met and this action must be dismissed. See Fed. R. Civ. P. 12(b)(2); Turnbull Aff. at ¶ 1, 5.

**A.     Defendant's Sparse And Unrelated Contacts With The Forum Render The Exercise Of Personal Jurisdiction In Massachusetts Inconsistent With Due Process**

In order to establish specific personal jurisdiction over Mr. Turnbull,[1] Abiomed must demonstrate that he has certain "minimum contacts" with Massachusetts. See Int'l Shoe Co. v. Washington, 66 S.Ct. 154, 158 (1945). In the First Circuit, this analysis comprises three parts: (1) whether Plaintiff's claim directly arises out of or relates to Defendant's Massachusetts

---

[1] While there are two different constructions of personal jurisdiction – general and specific – Defendant is not aware of any case within this Circuit applying the broad, general jurisdiction concept to an individual defendant. This is not surprising, considering the Supreme Court's skepticism that the doctrine is even applicable to individuals. See Burnham v. Super. Ct. of Cal., 495 U.S. 604, 610 n.1 (1990).

3

contacts; (2) whether Defendant has purposefully availed himself of Massachusetts, thereby making it foreseeable that he would be involuntarily brought before its courts; and (3) whether, in light of certain enumerated factors, jurisdiction over Defendant in Massachusetts is reasonable. See, e.g., Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 144 (1st Cir. 1995); Sawtelle, 70 F.3d at 1389; United Electrical Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1089 (1st Cir. 1992). In this case, Mr. Turnbull's contacts with Massachusetts are too attenuated for Abiomed to meet its burden.

1. **Defendant's Insubstantial Massachusetts Contacts Are Unrelated To Plaintiff's Claims**

Mr. Turnbull's contacts with Massachusetts, limited to a handful of business trips and telephone calls to a subordinate employee, are completely unrelated to Abiomed's allegations. In light of these isolated contacts, Abiomed will be unable to demonstrate that its claims "directly arise out of the specific contacts between the defendant and the forum state." See Sawtelle, 70 F.3d at 1389. Because Abiomed's claims sound in tort, it must show that Mr. Turnbull's forum contacts were both the cause in fact and the proximate cause of its injury. See Mass. Sch. of Law, 142 F.3d at 35. Abiomed must establish this causal nexus for each Count in the Complaint. See Phillips Exeter Academy v. Howard Phillips Fund, Inc., 196 F.3d 284, 289 (1st Cir. 1999).

With respect to Abiomed's first three Counts, for misappropriation, theft of trade secrets and tortious interference, the required nexus is nonexistent. Abiomed has not alleged that Mr. Turnbull spoke with or otherwise contacted anyone in Massachusetts with knowledge of its confidential or trade secret information. Most of Mr. Turnbull's visits to Massachusetts were devoted exclusively to his management responsibilities with Thoratec. Moreover, the crux of Abiomed's claims – that Mr. Turnbull obtained confidential information concerning implantations of its AbioCor replacement heart – turns on Mr. Turnbull's alleged knowledge of

medical procedures performed by out-of-state doctors in hospitals outside of Massachusetts.[2] It is not enough for Abiomed to rely exclusively on its claim that the harm of Mr. Turnbull's conduct was felt at its Massachusetts headquarters. See Swiss Amer. Bank, Ltd., 274 F.3d at 625.

Abiomed's remaining claims, for defamation and unfair trade practices, rely either in whole or in part on Mr. Turnbull's postings on the Yahoo! message board. The postings were made from outside of Massachusetts, concern out-of-state activities and make no reference at all to Massachusetts. That the postings could be accessed inside of Massachusetts via the world wide web does not mean that they are sufficiently related to the forum. See generally Comer v. Comer, 295 F.Supp.2d 201, 210 (D.Mass. 2003) (holding personal jurisdiction lacking where defendant's internet contacts were unrelated to forum); Callahan v. Harvest Bd. Int'l, 138 F.Supp.2d 147, 159 (D.Mass. 2001) (same). To hold otherwise would effectively subject an unwitting defendant to personal jurisdiction anywhere an internet connection may be found. See Comer, 295 F.Supp.2d at 210, n. 7.

2.  **Defendant Has Not Purposefully Availed Himself Of The Forum**

Abiomed is also unable to satisfy the second prong of the due process analysis, in which it must show that Mr. Turnbull has "purposefully avail[ed] [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235, 253(1958)). This is to ensure that Defendant "will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated contacts.'" Id. (citations

---

[2] Of the fourteen AbioCor implant procedures conducted to date, seven were performed in Kentucky, five in Texas and one each in California and Pennsylvania.

omitted). As described above, however, Mr. Turnbull has few contacts with Massachusetts and his internet postings did not target the forum in any way.[3]

While no case within this Circuit has decided whether the purposeful availment prong is satisfied by postings on an internet newsgroup, other courts have held that it is not. See Griffis v. Luban, 646 N.W.2d 527 (Minn. 2002) cert denied 538 U.S. 906 (2003); Revell v. Lidov, 317 F.3d 467 (5th Cir. 2002); Barrett v. Catacombs Press, 44 F.Supp.2d 717 (E.D. Pa. 1999). In Griffis, the Minnesota Supreme Court held that a default judgment obtained in Alabama against a Minnesota defendant who posted allegedly defamatory statements concerning plaintiff on an internet message board must be struck down for lack of personal jurisdiction. 646 N.W.2d at 530. The court refused to recognize jurisdiction in plaintiff's home state of Alabama, even though the effects of defendant's defamatory postings would be felt exclusively in that forum. Reasoning that the U.S. Supreme Court's opinion in Calder v. Jones was necessarily limited to its facts,[4] it concluded that, "something more than mere effects in the forum state is required, and that [in Calder] the Supreme Court did not 'carve out a special intentional torts exception to the traditional specific jurisdiction analysis, so that a plaintiff could always sue in his or her home state.'" Id. at 535 quoting Imo Indus., Inc. v. Kiekert AG, 155 F.3d 254, 265 (3d Cir 1998); accord Noonan v. Winston Co., 135 F.3d 85, 90 (1st Cir. 1998) (limiting Calder and holding that defendant must act with sufficient intent to direct his actions toward the forum state).

---

[3] Several early internet-based jurisdiction cases focused on the interactivity of the website at issue to determine whether it was "passive" (simply making information available to those interested enough to browse) or "active" (soliciting information from users, typically for purposes of electronic commerce). See Zippo Mfg. v. Zippo Dot Com, Inc., 952 F.Supp 1119, 1124 (W.D.Pa. 1997); Back Bay Farm v. Collucio, 230 F.Supp.2d 176, 185 n.10 (D.Mass. 2000). Recently, however, courts have embraced a more traditional due process analysis, a practice particularly appropriate here, where the Yahoo! bulletin board falls somewhere in between the Zippo poles. See Comer, 295 F.Supp.2d at 209-210.

[4] In Calder, the Supreme Court held that defendant newspaper had purposefully availed itself of California by publishing a defamatory article about a California resident in its nationally distributed tabloid because it knew that the effects of its story would primarily be felt there. 465 U.S. at 789. The Griffis court distinguished Calder on the grounds that the tabloid had "expressly aimed" its conduct at California, had written about plaintiff's California activities, had relied upon California sources and enjoyed its greatest distribution in California. Griffis, 646 N.W. 2d. 533-35.

As with the defendant in Griffis, Mr. Turnbull authored several internet postings that are alleged to be defamatory, knowing that Abiomed resided in the forum state and that it was likely forum state residents would read the postings. Mr. Turnbull does not recall relying on Massachusetts sources for the AbioCor postings, he never mentioned Abiomed's Massachusetts business or activities and he did not make any of the postings from inside Massachusetts. Moreover, it is not a foregone conclusion that, like in Calder, the effects of Defendant's postings would be felt primarily in Massachusetts, since Massachusetts is not the center of the ventricular assist device industry, all of the AbioCor transplants occurred elsewhere and Mr. Turnbull specifically mentioned at least two of these locations explicitly. Under these circumstances, Mr. Turnbull has not targeted Massachusetts with sufficient intent to make him reasonably anticipate being haled into court here. See Noonan, 135 F.3d at 90; see also Revell, 317 F.3d at 474 (jurisdiction lacking where defendant posted article critical of plaintiff on internet bulletin board but did not rely on in-forum sources or describe plaintiff's in-forum activities); Young v. New Haven Advocate, 315 F.3d 256, 262 ("application of Calder in the internet context requires proof that the out-of-state defendant's internet activity is *expressly directed at or directed to* the forum state") (emphasis added); Barrett, 22 F.Supp.2d at 731 (jurisdiction lacking where defendant posted defamatory statements on internet newsgroups without deliberately or knowingly targeting the forum).

### 3. **Exercising Jurisdiction Over Defendant Is Not Reasonable**

Even if Plaintiff were to establish compliance with the other due process requirements, it cannot satisfy the final "reasonableness" element of the inquiry. See Ticketmaster-New York v. Alioto, 26 F.3d at 201, 210 (1st Cir. 1994) (adopting the rule that "dismissal may be appropriate on grounds of reasonableness even if considerations of relatedness or purposefulness, taken in

isolation, could support the exercise of jurisdiction"). The reasonableness analysis is viewed on a "sliding scale," where the weaker a plaintiff's showing on the first two prongs, the more it will be required to show with respect to reasonableness. See Sawtelle, 70 F.3d at 1395; Ticketmaster, 26 F.3d at 209. Here, where Abiomed is unable to make a persuasive showing on the first two due process prongs, its obligation to demonstrate reasonableness is substantially increased. See id. Thus, for this additional reason the exercise of personal jurisdiction would not comport with due process.

In assessing reasonableness, this Court must consider a number of "gestalt factors," such as the burden on Mr. Turnbull of litigating in this forum; the interest of the forum state in adjudicating the dispute; Abiomed's interest in obtaining relief in the forum; the interest of the judicial system in obtaining the most efficient resolution of the controversy; and the common interest of all sovereigns in promoting substantive policies. See Ticketmaster, 26 F.3d at 209. The "gestalt factors" when applied to this case weigh against exercising personal jurisdiction over Mr. Turnbull. For example, litigating this action in Massachusetts would impose a substantial burden on Mr. Turnbull, an Ohio resident who owns no property in Massachusetts, has never consented to be sued here and no longer supervises any subordinates here. Moreover, Massachusetts has no unusually compelling interest in this litigation. The suit raises no novel issues that might impact Massachusetts law, nor would any other Massachusetts citizen be affected by a ruling adverse to Abiomed. Since the conduct at issue arises out of Mr. Turnbull's alleged actions outside of Massachusetts, it does not implicate any discernible interest of Massachusetts.

In sum, weighing the relevant factors inexorably leads to the conclusion that litigating this matter in Massachusetts does not comport with notions of "fair play and substantial justice."

See Int'l Shoe, 326 U.S. at 316. Thus, the Complaint should be dismissed for lack of personal jurisdiction.

### B. Plaintiff Cannot Demonstrate That Personal Jurisdiction Is Proper Under The Massachusetts Long-Arm Statute

Where, as here, assertion of personal jurisdiction over a defendant offends due process, there is no need to consider whether jurisdiction would attach under the Massachusetts long-arm statute. See Noonan, 135 F.3d at 90; Callahan, 138 F.Supp.2d at 158. Nevertheless, if the Court were to consider the long-arm statute, it would similarly conclude that personal jurisdiction is improper. Thus, the Massachusetts statute provides an alternate basis for the Court to dismiss the Complaint. See Mass. Gen. Laws ch. 223A §3.

The Massachusetts long-arm statute allows courts sitting in the Commonwealth to exercise personal jurisdiction over a person arising out of that person's:

> (c) causing tortious injury by an act or omission in this commonwealth; [or]
> (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this commonwealth.

Mass. Gen. Laws ch. 223A §3(c)-(d). Notwithstanding the Complaint's conclusory parroting of the statutory language, Abiomed has alleged <u>no specific jurisdictional facts</u> tying Mr. Turnbull to the forum and, therefore, imposition of personal jurisdiction is improper. See Comer, 295 F.Supp.2d at 206.

As discussed above, Mr. Turnbull has not engaged in any act within Massachusetts that has caused tortious injury. Defendant composed the internet postings from outside Massachusetts and, by posting them on the internet at large, directed them to the world without specifically targeting Massachusetts. The fact that he did not write about Abiomed's Massachusetts activities further distinguishes Mr. Turnbull from the defendants in Calder, who

9

clearly anticipated and intended their conduct to have an effect in the forum state. See 465 U.S. at 791. Absent evidence that Defendant intended the effect of his conduct to be felt specifically in Massachusetts, the out-of-state postings themselves should not be considered to have occurred "in this commonwealth." See Kolikov v. Samuelson, 488 F.Supp. 881 (D. Mass. 1980) (holding Massachusetts long-arm statute did not convey jurisdiction based upon defendant's placing and recording telephone calls between Pennsylvania and Massachusetts).

Similarly, Abiomed has alleged no persistent contact with Massachusetts sufficient to invoke Section (d) of the long-arm statute. During the relevant timeframe, Mr. Turnbull traveled to Massachusetts a few times each year on behalf of his employer, Thoratec. His phone calls into the forum were also limited to supervising his direct report. Mr. Turnbull has never engaged in the requisite continuous activity, nor derived substantial revenue in Massachusetts. Furthermore, these sporadic direct contacts with the forum are completely unrelated to Abiomed's claims. See, e.g., Schaefer v. Cybergraphic Sys., Inc., 886 F. Supp. 921, 924 (D.Mass. 1994) (personal jurisdiction lacking under long-arm statute despite numerous contacts with forum because contacts were not related to alleged cause of action); Massachusetts Sch. of Law, 959 F. Supp. at 38-40 (personal jurisdiction lacking despite fact that defendants had attended meetings in Massachusetts related to cause of action).

## **CONCLUSION**

For all the reasons stated above, neither the U.S. Constitution nor the law of Massachusetts will permit the exercise of personal jurisdiction over Mr. Turnbull by this Court. Defendant therefore respectfully requests that the Court dismiss the Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

Dated: January 24, 2004

Respectfully submitted,

MICHAEL L. TURNBULL
By his attorneys,

David S. Godkin (BBO# 196530)
Brian P. Pezza (BBO# 651076)
TESTA, HURWITZ & THIBEAULT, LLP
125 High Street
Boston, Massachusetts 02110
(617) 248-7000

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 1/24/05    .

PEZZABP\10689\2.3164885_1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABIOMED, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL L. TURNBULL, )<br>)<br>Defendant. )<br>) | Civil Action No. 05CV10105NMG |

### AFFIDAVIT OF MICHAEL L. TURNBULL

I, Michael L. Turnbull hereby depose and state that the following facts are true and correct based upon my knowledge and information:

1. My name is Michael L. Turnbull, I am over 21 years of age and I am a resident of the State of Ohio.

2. I am employed by Thoratec Corporation and have held the position of Senior Regional Sales Manager – Midwest since January 2004. My job responsibilities include supervising Thoratec sales and clinical personnel in Pittsburgh, Chicago, Minneapolis, Wichita, Milwaukee, Salt Lake City, San Francisco and San Diego.

3. I work out of my home office in Columbus, Ohio.

4. Before I assumed my current position I was Thoratec's Director of Sales and Clinical Services for approximately seven and a half years. In that capacity, I directly supervised approximately three Thoratec employees, including one in Massachusetts. During that time, I periodically placed telephone calls to my direct report in Massachusetts.

5. In the six years between 1999 and 2004, inclusive, I visited Massachusetts occasionally and I have never remained in Massachusetts for more than four consecutive days. These visits were primarily devoted to my management responsibilities at Thoratec.

6. I am registered to vote in Ohio; I hold an Ohio driver's license; I own tangible property and assets in Ohio; and I pay property, income and excise taxes in Ohio.

7. I have never resided in Massachusetts; I have never owned any tangible property or assets in Massachusetts; I have never paid any property, excise or income tax in Massachusetts; I have never consented to be sued in Massachusetts; and I have never designated an agent for service in Massachusetts.

8. I do not recall ever having posted information obtained from Massachusetts sources concerning the AbioCor artificial heart.

9. I did not place any of the alleged defamatory Yahoo! newsgroup postings from within Massachusetts.

SIGNED UNDER PAINS AND PENALTIES OF PERJURY THIS 24 DAY OF JANUARY, 2005.

_____
Michael L. Turnbull