UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABIOMED, INC.<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL L. TURNBULL,<br><br>        Defendant. | Civil Action No. 05CV10105NMG |

**DEFENDANT'S MOTION FOR LEAVE TO FILE A
REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)**

Defendant hereby seeks leave to file the accompanying Reply Memorandum In Support Of His Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12(b)(2) ("Reply Memorandum"). Defendant submits this Reply Memorandum for the limited purpose of addressing certain assertions made by Abiomed, Inc. in its Opposition To Defendant's Motion To Dismiss For Lack Of Personal Jurisdiction.

WHEREFORE, Defendant respectfully requests that the Court grant him leave to file the accompanying Reply Memorandum In Support Of His Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12(b)(2).

Dated: March 31, 2005

Respectfully submitted,
MICHAEL L. TURNBULL,
By his attorneys,

*/s/ EAbateRecht*
David S. Godkin (BBO#196530)
Erica Abate Recht (BBO# 641452)
Birnbaum & Godkin, LLP
268 Summer Street
Boston, MA 02210
(617) 542-3100

- 2 -

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I, Erica Abate Recht, certify that I conferred with counsel for Abiomed, Inc. on March 30, 2005 in a good faith attempt to narrow the areas of disagreement presented by this motion. The disputed issues presented by this motion were not resolved by that conference.

*[signature]*
Erica Abate Recht

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2005, I caused a true copy of the above document to be served upon counsel for Abiomed, Inc. by first class mail.

*[signature]*
Erica Abate Recht

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABIOMED, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL L. TURNBULL, )<br>)<br>Defendant. )<br>) | Civil Action No. 05CV10105NMG |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)**

Defendant Michael L. Turnbull respectfully submits this Reply Memorandum In Support Of His Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12(b)(2).

I.  **INTRODUCTION**

Plaintiff has not met its burden to show that Mr. Turnbull's contacts with Massachusetts are sufficient for this Court to exercise personal jurisdiction over him. Plaintiff's speculative and conclusory allegations regarding Mr. Turnbull's contacts with Massachusetts are nothing more than smoke and mirrors, and cannot form the basis for the exercise of personal jurisdiction. In addition, the Massachusetts contacts of Thoratec, Mr. Turnbull's employer, are irrelevant to whether Mr. Turnbull's contacts are sufficient for this Court to exercise personal jurisdiction over him. Finally, Plaintiff's Opposition To Defendant's Motion To Dismiss For Lack Of Personal Jurisdiction ("Plaintiff's Memorandum") is replete with distortions and inaccuracies that should not be credited.

## II. PLAINTIFF HAS NOT ESTABLISHED THAT MR. TURNBULL HAS SUFFICIENT CONTACTS WITH MASSACHUSETTS TO SUBJECT HIM TO PERSONAL JURISDICTION.

### A. Mr. Turnbull Did Not Have Sufficient Contacts With Massachusetts At The Time Abiomed Filed Its Complaint.

At the time Abiomed filed its complaint, in December 2004, Mr. Turnbull did not have sufficient contact with Massachusetts to justify the exercise of personal jurisdiction. To satisfy constitutional due process standards, "jurisdiction is proper if the defendants also had minimum contacts with the forum state *at the time of filing the complaint...*" Harbourvest Int'l Private Equity Partners II-Direct Fund, L.P. v. Axent Technologies, Inc., 2000 WL 1466096 (Mass. Super. Aug. 31, 2000) (emphasis added). At the time Plaintiff filed its complaint, Mr. Turnbull no longer supervised a Thoratec employee located in Massachusetts. Turnbull Affidavit at ¶ 4. Currently, Mr. Turnbull's responsibilities include supervising Thoratec personnel in Pittsburgh, Chicago, Minneapolis, Wichita, Milwaukee, Salt Lake City, San Francisco and San Diego from his home office in Ohio. Id. at ¶ 2 and 3. As such, jurisdiction is not appropriate in this forum.

### B. Thoratec's Massachusetts Contacts Are Irrelevant.

Plaintiff's reliance on Thoratec's activities in Massachusetts is unconvincing, as such activities are irrelevant to this Court's analysis of Mr. Turnbull's contacts. In LaVallee v. Parrot-Ice Drink Prod. of America, 193 F. Supp. 2d 296, 300 (D. Mass. 2002), the court clearly stated that "jurisdiction over the individual officers of a corporation may not be based on jurisdiction over the corporation" (citing Johnson Creative Arts, Inc. v. Wool Masters, Inc., 573 F. Supp. 1106, 1111 (D. Mass. 1983)). Accordingly, this Court should not consider Plaintiff's references to the activities of Thoratec in determining whether Mr. Turnbull is subject to personal jurisdiction.

2

### C. Mr. Turnbull's Management Of One Employee In Massachusetts Is Not Sufficient To Subject Him To Personal Jurisdiction.

Plaintiff's Memorandum distorts the nature and extent to which Mr. Turnbull had contact with Massachusetts in connection with his position as Thoratec's Director of Sales and Clinical Services. Mr. Turnbull supervised only one employee in Massachusetts.[1] Turnbull Affidavit at ¶ 4. Mr. Turnbull did not have "direct reports" in Massachusetts as referenced in Plaintiff's Memorandum, nor did he "supervise Thoratec's Massachusetts operations." Plaintiff's Memorandum at 2. Plaintiff has no support for such allegations, which are directly refuted by Mr. Turnbull's Affidavit, upon which Plaintiff erroneously relies. See Mass. Sch. of Law at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998) (court should consider uncontroverted facts set forth by defendant). Further, in connection with his supervision of one Massachusetts employee, Mr. Turnbull visited Massachusetts only occasionally and did not remain in Massachusetts for more than four consecutive days. Turnbull Affidavit at ¶ 5. Further, Plaintiff cites no support for its assertion that Mr. Turnbull's status as a stockholder of Thoratec, a California corporation, and a publicly-traded company, is sufficient to subject him to personal jurisdiction in Massachusetts.

### D. Plaintiff's Unsupported Allegations Regarding Mr. Turnbull's Contacts With Massachusetts Sources Should Not Be Credited.

Plaintiff's allegation that Mr. Turnbull knowingly misappropriated Abiomed's confidential information from sources under contract with Abiomed is pure conjecture, which should not be credited. See Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994) (court will not credit conclusory allegations or draw farfetched inferences). The most Abiomed can say is that it is "possible" that Mr. Turnbull's contacts in Boston included individuals under contract with Abiomed. Plaintiff has not identified any such contacts or any specific confidential information that was allegedly

---

[1] Currently, Mr. Turnbull does not supervise any employees in Massachusetts. Turnbull Affidavit at ¶ 2.

3

shared with or disseminated by Mr. Turnbull.[2] Moreover, Plaintiff's confidentiality agreements with third parties are irrelevant to whether this Court has jurisdiction over Mr. Turnbull, as he was not a party to any such agreement.

In the absence of any notable contacts, Plaintiff distorts Mr. Turnbull's postings and cites numerous postings that do not have anything to do with Massachusetts.[3] For example, Plaintiff misquoted Mr. Turnbull, stating that Mr. Turnbull claimed in a posting to have "'regular access to some of the surgeons heavily involved' in the development and testing of ABIOMED products." Plaintiff's Memorandum at 5. The sentence quoted by Plaintiff, however, does not even mention Plaintiff or its product. Ex. N to Helmer Decl., Message No. 8968. In addition, Plaintiff grossly exaggerates the extent to which Mr. Turnbull referred to events in Massachusetts. For example, in support of its statement that Mr. Turnbull's postings "often discussed at length events at ABIOMED headquarters in Danvers, Massachusetts," Plaintiff cites a one line posting in which Mr. Turnbull stated, "I hope you have other chips placed somewhere else." Ex. Q to Helmer Decl., Message No. 18532. Similarly, Message No. 18118, Ex. Q to Helmer Decl., contains a one line reference to the CEO of Abiomed.[4] The posting does not contain a discussion of the strategies of Abiomed's CEO, as represented by Plaintiff.[5] Plaintiff's

---

[2] It is not surprising that Mr. Turnbull was unable to recall any contacts with Massachusetts given the insignificance of his references to Massachusetts in his postings. See, for example, Ex. K to Helmer Decl., Message No. 14031; Ex. R to Helmer Decl., Message No. 13446.

[3] See, for example, Ex. L to Helmer Decl., Message No. 18452 (no mention of Massachusetts); Ex. M to Helmer Decl., Message No. 3870 (no mention of Massachusetts); Ex. O to Helmer Decl., Message No. 6203 (no mention of Massachusetts; and misquoted by Plaintiff); Ex. P to Helmer Decl., Message No. 7175 (Mr. Turnbull states that he "met a few" Abiomed "reps and managers." This posting does not say that Mr. Turnbull "knew" them as stated in Plaintiff's Memorandum; and contains no reference to Massachusetts).

[4] Plaintiff's citation to Message Nos. 13146, 13446 and 17611 are similarly unconvincing, as such messages contain only passing references to Boston. Ex. R to Helmer Decl.

[5] Plaintiff's characterization of Message No. 19134, Ex. X to Helmer Decl., is nothing short of absurd. In that posting, Mr. Turnbull commented on the sale of stock of Abiomed's CEO in an obviously joking manner. The posting can hardly be characterized as evidence that Abiomed officers took action based on Mr. Turnbull's postings, as represented by Plaintiff. Plaintiff's Memorandum at 7.

4

Memorandum at 6. Incredibly, Plaintiff also cites to postings that were not even sent by Mr. Turnbull. Ex. R to Helmer Decl., Message Nos. 12835 and 13070.

Further, Mr. Turnbull's communications with anonymous individuals identifying themselves as Massachusetts residents are not enough to support personal jurisdiction. Plaintiff has not cited anything to support the notion that Mr. Turnbull specifically targeted Massachusetts residents. Indeed, as is the nature of internet chat rooms, any anonymous contact that Mr. Turnbull had with Massachusetts residents was fortuitous and random. Such contacts cannot form the basis for the exercise of personal jurisdiction. See Noonan v. The Winston Co., 135 F.3d 85, 92 (1st Cir. 1998) (minimum contacts not satisfied where contacts were "random, isolated or fortuitous").

As demonstrated above, Plaintiff's Memorandum contains numerous examples of misquotation, misrepresentation and exaggeration. Plaintiff's distortions and speculation should not be credited. See Ticketmaster-New York, 26 F.3d at 203 (court will not credit conclusory allegations or draw farfetched inferences). Plaintiff has failed to meet its burden to establish that personal jurisdiction is appropriate. Mass. Sch. of Law, 142 F.3d at 34 (plaintiff bears the burden of persuading the court that jurisdiction exists).[6]

### III. JURISDICTION IS NOT PROPER UNDER THE MASSACHUSETTS LONG-ARM STATUTE.

#### A. Plaintiff Has Not Established Jurisdiction Under Section 3(c) Of The Massachusetts Long-Arm Statute.

Mass. Gen. Laws ch. 223A § 3(c) is not satisfied in this case as Plaintiff has failed to establish that Mr. Turnbull caused any tortious injury by an act or omission in this Commonwealth. Plaintiff has not cited any support for its allegation that Mr. Turnbull received confidential information at all, let alone confidential information from Massachusetts sources. Plaintiff's statement that Mr. Turnbull conceded that "some, if

---

[6] Plaintiff's discussion of the substance of Mr. Turnbull's internet postings, Plaintiff's Memorandum at 6, is irrelevant to a personal jurisdiction analysis.

not all, of his sources for ABIOMED inside information were 'contacts in Boston'" is blatantly wrong. Plaintiff's Memorandum at 8. Mr. Turnbull never conceded such information, but rather made only a passing reference to contacts in Boston. Ex. F to Helmer Decl., Message No. 13933. Indeed, the July 2002 posting upon which Plaintiff relies refers only to the work environment at Abiomed, which hardly can be characterized as sensitive confidential information. Further, Mr. Turnbull's supervision of a single Thoratec employee located in Massachusetts from Mr. Turnbull's home office in Ohio before the Plaintiff filed its complaint, and occasional visits to Massachusetts in connection with his Thoratec responsibilities do not relate to Plaintiff's claims, and are not sufficient to subject him to jurisdiction in Massachusetts.

The cases cited by Plaintiff do not support the exercise of personal jurisdiction in this case. In LaVallee, the court exercised personal jurisdiction over a corporate defendant only where the plaintiffs were able to show that an allegedly fraudulent misrepresentation was directed at them inside Massachusetts. In this case, Plaintiff has been unable to demonstrate that Mr. Turnbull's postings were directed specifically at Massachusetts residents.

The facts of Digital Equip. Corp. v. Altavista Tech. Inc., 960 F. Supp. 456 (D. Mass. 1997) are also distinguishable as that case involved "a contract with a Massachusetts corporation, reflecting an agreement to apply Massachusetts law, soliciting business through its Web-site, including Massachusetts business, and three sales to Massachusetts residents, etc." Id. at 462. The Digital court noted that the parties had "entered into a contract governing their commercial activities *on the internet*" Id. at 463 (emphasis in original). The court found that there was "no issue of parties being haled into courts of a given jurisdiction solely by virtue of a Web-site, without meaningful notice that such an outcome was likely." Id.

The same cannot be said in our case where Mr. Turnbull was not a party to a contract and did not solicit business through the Abiomed chat board. As an internet

6

user, directing messages to the world at large, Mr. Turnbull had no expectation that he could be subject to jurisdiction in Massachusetts. Indeed, all of Plaintiff's activities with respect to the implantation of the AbioCor artificial heart took place outside of Massachusetts.[7] Massachusetts was therefore not the focal point of Mr. Turnbull's postings as they related to the implantations of the AbioCor. See Griffis v. Luban, 646 N.W.2d 527, 536 (Minn. 2002) (personal jurisdiction not established where internet postings were not expressly aimed at the forum state). As discussed above, Mr. Turnbull did not engage in any act within Massachusetts that caused tortious injury. Accordingly, personal jurisdiction is not appropriate in this forum.[8]

### B. Plaintiff Has Not Established Jurisdiction Under Section 3(d) Of The Massachusetts Long-Arm Statute.

Mr. Turnbull's limited activity in Massachusetts is not sufficient to invoke Section 3(d) of the Massachusetts Long-Arm statute. As stated above, at the time the complaint was filed, Mr. Turnbull did not supervise any employees in Massachusetts, and visited Massachusetts only occasionally in connection with his Thoratec responsibilities.[9] These minimum contacts do not rise to the level of doing business in Massachusetts, and are unrelated to Plaintiff's claims against Mr. Turnbull. See United Elec., Radio and Mach. Workers of America v. 163 Pleasant St. Corp., 960 F.2d 1080, 1087 (1st Cir. 1992) (long-arm statute requires that the cause of action arise from defendant's activity within the state); Schaefer v. Cybergraphic Sys., Inc., 886 F. Supp. 921, 924 (D. Mass.

---

[7] Of the fourteen AbioCor implant procedures of which Defendant is aware, none were performed in Massachusetts (seven were performed in Kentucky, five in Texas, and one each in California and Pennsylvania).

[8] Plaintiff's citation to Clinton Hosp. Ass'n v. The Corson Group, Inc., 907 F.2d 1260 (1st Cir. 1990) is not persuasive as that case did not involve a discussion of personal jurisdiction. Further, Plaintiff has not cited anything to suggest that anyone reasonably relied on the information contained in Mr. Turnbull's postings, as required by the Clinton court.

[9] Again, Plaintiff's allegation that Mr. Turnbull regularly contacted Abiomed insiders in Boston is pure conjecture, which should not be credited. See Ticketmaster-New York, 26 F.3d at 203 (conclusory allegations and farfetched inferences should not be credited).

7

1994) (same).

This case is distinguishable from <u>Venture Tape Corp. v. McGills Glass Wharehouse</u>, 292 F. Supp. 2d 230 (D. Mass 2003), upon which Plaintiff solely relies. In that case, the defendant maintained a website that was continuously available to Massachusetts residents for the express purpose of soliciting business and diverting sales from Plaintiff's website. <u>Id.</u> at 231-32. In our case, Mr. Turnbull's occasional visits to Massachusetts in connection with his duties as a Thoratec employee do not rise to the same level.[10]

## IV. THE EXERCISE OF PERSONAL JURISDICTION IS INCONSISTENT WITH DUE PROCESS.

Plaintiff's allegations regarding Mr. Turnbull's contacts with Massachusetts are insufficient to support the exercise of personal jurisdiction under the U.S. Constitution. As stated above, Mr. Turnbull's contacts with Massachusetts during the relevant time period are limited to occasional visits in connection with his responsibilities at Thoratec. By Plaintiff's own admission, it has no support for its claim that Mr. Turnbull received confidential information from parties under Massachusetts confidentiality agreements. <u>See</u> Plaintiff's Memorandum at 5 (admitting that Mr. Turnbull never identified contacts in Boston and stating its belief that it is only "possible" that any such contacts included individuals under contract with Plaintiff). Notably, Plaintiff has failed to identify any such Boston contact or any specific confidential information received or disseminated by Mr. Turnbull from such a contact. Further, Mr. Turnbull's contact with individuals identifying themselves as Massachusetts residents on the internet was fortuitous and random. Such contact cannot form the basis of personal jurisdiction. <u>See</u> <u>Noonan</u>, 135 F.3d at 92. Finally, the activity to which Mr. Turnbull referred in his postings, the implantation of the AbioCor artificial heart, took place outside of Massachusetts, and any

---

[10] As stated above, Mr. Turnbull's supervision of a Thoratec employee located in Massachusetts occurred before the complaint was filed. As such, it is irrelevant to the personal jurisdiction analysis.

references to Massachusetts in his postings were brief and insignificant. *See infra* notes 2 and 4.

### A. Plaintiff's Claims Are Unrelated To Mr. Turnbull's Minimal Massachusetts Contacts.

Given that Mr. Turnbull's contacts with Massachusetts are limited to his responsibilities at Thoratec, Plaintiff has failed to establish that its claims "directly arise out of the specific contacts between the defendant and the forum state." Sawtelle v. Farrell, 70 F.3d 1381, 1389 (1st Cir. 1995). Moreover, it is not enough for Plaintiff to rely on the fact that its headquarters is located in Massachusetts. United States v. Swiss Amer. Bank, Ltd., 274 F.3d 610, 624 (1st Cir. 624) (relatedness not established by showing of in-forum effects rather than actual contacts or injury). As such, Plaintiff has failed to meet the relatedness requirement of the due process analysis.

### B. Mr. Turnbull Did Not Purposefully Avail Himself Of This Jurisdiction.

For the same reasons as stated above, Plaintiff has failed to meet its burden to establish that Mr. Turnbull purposefully availed himself of this forum. As stated in Sawtelle, "the function of the purposeful availment requirement is to assure that personal jurisdiction is not premised solely upon a defendant's 'random, isolated, or fortuitous' contacts with the forum state." 70 F. 3d at 1391. In this case, any contact with Massachusetts residents was the result of random internet postings directed to the world at large. To subject Mr. Turnbull to jurisdiction in this forum based on internet postings directed to the world at large would be akin to adopting a "stream of commerce" theory, which the First Circuit has rejected. Id. at 1393 (placement of a product in the stream of commerce is not an act of purposeful availment).

Plaintiff's citation to California cases is not convincing. California Software, Inc. v. Reliability Research, Inc., 631 F. Supp. 1356 (C.D. Cal. 1986), is distinguishable as the court in that case emphasized that defendants intentionally influenced third parties to

injure California plaintiffs. In our case, Plaintiff does not allege that anybody relied on Mr. Turnbull's postings to Plaintiff's detriment, and any communications between Mr. Turnbull and Massachusetts residents was fortuitous. As the Griffis court noted, "the fact that messages posted to the newsgroup *could* have been read in [the forum state], just as they *could* have been read anywhere in the world, cannot suffice to establish [the forum state] as the focal point of the defendant's conduct." 646 N.W.2d at 536. Because Massachusetts was not the focal point of Mr. Turnbull's activities -- indeed, none of the AbioCor implantations occurred here -- Mr. Turnbull did not voluntarily subject himself to jurisdiction in this forum and such jurisdiction was not foreseeable. See Sawtelle, 70 F.3d at 1391. Accordingly, Plaintiff has failed to establish that Mr. Turnbull purposefully availed himself of this forum.

### C. It Is Not Reasonable To Subject Mr. Turnbull To Jurisdiction In Massachusetts.

Plaintiff's failure to establish the requisite minimum contacts makes it unnecessary to consider the reasonableness prong of the due process analysis. Id. at 1394. The weaker the plaintiff's showings on relatedness and purposeful availment, the less a defendant needs to show regarding unreasonableness to defeat jurisdiction. Id. (quoting Ticketmaster-New York, 26 F.3d at 210). In this case, the gestalt factors weigh against subjecting Mr. Turnbull to jurisdiction in Massachusetts.

Mr. Turnbull is an Ohio resident. He owns no property in Massachusetts, has not consented to being sued here and no longer supervises any subordinates here. Plaintiff's claim that Mr. Turnbull's retention of counsel somehow subjects him to jurisdiction here is ridiculous. Plaintiff has no support for its assertion that it is likely that important witnesses reside in Massachusetts, as all of the AbioCor implantations took place outside of Massachusetts. Further, Mr. Turnbull has not conducted business in Massachusetts,

and the activities of Thoratec are irrelevant to this analysis.[11] Accordingly, it is not reasonable to subject him to jurisdiction here.

## V. CONCLUSION

Throughout its Memorandum, Plaintiff has presented as fact allegations for which it has no support, and which, in some cases, are contradicted by even Plaintiff's own exhibits. See infra notes 2, 3, 4 and 5. Plaintiff's conclusory allegations and farfetched inferences should not be credited. See Ticketmaster-New York, 26 F.3d at 203. Neither the Massachusetts Long-Arm statute nor the U.S. Constitution permits this Court to exercise personal jurisdiction over Mr. Turnbull. Accordingly, Defendant respectfully requests that this Court dismiss the Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

Dated: March 31, 2005

Respectfully submitted,

MICHAEL L. TURNBULL,
By his attorneys,

/s/ Erica Abate Recht
David S. Godkin (BBO#196530)
Erica Abate Recht (BBO# 641452)
Birnbaum & Godkin, LLP
268 Summer Street
Boston, MA 02210
(617) 542-3100

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2005, I caused a true copy of the above document to be served upon counsel for Abiomed, Inc. by first class mail.

/s/ Erica Abate Recht
Erica Abate Recht

---

[11] This case is distinguishable from First Act, Inc. v. Brook Mays Music Co., 311 F. Supp. 2d 258 (D. Mass. 2004) as the defendants in that case specifically targeted sixty Massachusetts residents. Similarly, the defendant in Hasbro, Inc. v. Clue Computing, Inc., 994 F. Supp. 34, 37 (D. Mass. 1997), received revenues as a result of work performed for a Massachusetts company, and traveled under that company's travel accounts. In our case, Plaintiff has not shown that Mr. Turnbull's limited activity in Massachusetts rises to this level.

11