**United States District Court**
**District of Massachusetts**

```
------------------------------------
                                    )
ABIOMED, INC.,                      )
                                    )
          Plaintiff,                )
                                    )     Civil Action No.
          v.                        )     05-10105-NMG
                                    )
MICHAEL L. TURNBULL,                )
                                    )
          Defendant.                )
------------------------------------)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

In the instant dispute, plaintiff, Abiomed, Inc. ("Abiomed"), alleges that Michael L. Turnbull ("Turnbull") has engaged in a protracted campaign of defamation and trade secret misappropriation against it through an internet message board. Turnbull now moves to dismiss for lack of personal jurisdiction.

## I.   Factual Background

Abiomed is a Massachusetts company engaged in the design and manufacture of the AbioCor artificial heart. The device is currently undergoing clinical trials. Turnbull is an Ohio resident and an employee of Thoratec, Inc. ("Thoratec"), one of Abiomed's competitors.

Thoratec has a presence in Massachusetts and, during the course of his employment, Turnbull made occasional, short

-1-

business trips to Massachusetts.  He also supervised sales and
clinical staff of Thoratec in Massachusetts for a number of years
and had regular telephone contact with that staff.

Abiomed alleges that:

1) on December 29, 2000, Turnbull registered a username
   under an alias on a Yahoo.com electronic message board
   dedicated to discussion of Abiomed,

2) for the next four years, he posted messages which
   defamed Abiomed and revealed the company's confidential
   and trade secret information,

3) in his postings, he claimed to be privy to "inside"
   information which reflected negatively upon Abiomed and
   boasted that he had contacts in Boston and throughout
   the company's organization, and

4) having established his credibility on the message
   board, he began to spread false and defamatory
   statements about Abiomed, including the false rumor
   that the AbioCor caused strokes in 100% of patients.

Apparently, the message board was frequented by several
Massachusetts residents and, in several posts, Turnbull allegedly
"engaged in direct dialogue" with those individuals.  In total,
Turnbull is alleged to have posted several hundred messages to
the board.

In June, 2004, plaintiff filed suit in the Suffolk Superior
Court Department of the Trial Court of Massachusetts against
numerous "John Doe" defendants in an effort to ascertain the
identity or identities of the individual(s) behind the postings.
After identifying Turnbull, Abiomed commenced the instant action
and Turnbull removed to this Court on the basis of diversity of

citizenship.   The complaint alleges five counts: 1) trade secret
misappropriation, 2) violation of M.G.L. c. 93 §§ 42 and 42A, 3)
tortuous interference with business relations, 4) defamation and
5) violation of M.G.L. c. 93A.  On January 24, 2005, defendant
moved to dismiss for lack of personal jurisdiction.

## II.   **Legal Analysis**

Defendant moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(1)
and contends that there is no personal jurisdiction over him in
Massachusetts.  He emphasizes that he is an Ohio resident and
that he owns no property in Massachusetts.  He characterizes his
business contacts with Massachusetts as being minimal and, in any
event, unrelated to the instant claims.  Finally, he asserts that
plaintiff's allegations with respect to the internet postings and
his contacts with Massachusetts are "replete with distortions and
inaccuracies and should not be credited".

Plaintiff, on the other hand, contends that Turnbull's
defamatory activities were directed toward Massachusetts and that
his business contacts with Thoratec's Massachusetts operations
establish personal jurisdiction over him in this case.   In
particular, plaintiff highlights its allegations that the
defendant both 1) obtained his "inside" information from
Massachusetts residents and 2) made his tortious remarks, in
part, to Massachusetts residents about a Massachusetts company.

A federal court sitting in diversity may assert in personam jurisdiction over an individual if two requirements are met: 1) the state's long-arm statute must confer jurisdiction and 2) the exercise of jurisdiction must not offend due process. Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201 (1st Cir. 1994); Noonan v. Winston Co., 902 F.Supp. 298 (D.Mass. 1995). The burden is upon the plaintiff to demonstrate that the requirements are met. Ticketmaster, 26 F.3d at 207.  In considering the parties' arguments, the Court does not resolve disputed issues of fact but, rather, "consider[s] only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction".  Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 145 (1st Cir. 1995).

## A.    Massachusetts Long-Arm Statute

In Massachusetts, the exercise of personal jurisdiction by a court is proper in any action arising from a defendant's:

(c)  causing tortious injury by an act or omission in this commonwealth; or

(d)  causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth.

M.G.L. c. 223A § 3.

In this case, the statutory inquiry can be side-stepped.

-4-

Although the bounds of § 3(c) have been characterized as being

somewhat "murky", the First Circuit Court of Appeals has stated,

in dicta, that:

> an allegedly tortious act committed outside the borders of
> Massachusetts, purposefully directed at the state and
> intended to cause injury there, could constitute an in-forum
> act within the meaning of section 3(c).

Ticketmaster, 26 F.3d at 205.  As is discussed supra, the issue

of whether an act is "purposefully directed at the state and

intended to cause injury there" is precisely the inquiry on the

second prong of the due process analysis.  Accordingly, the Court

may properly focus on the due process inquiry and assume that if

it is satisfied, so too is the requirement of the long-arm

statute.[1]

   In any event, were the Court to consider the long-arm

statute separately from the question of due process, the

statutory requirements for the assumption of jurisdiction would

likely be satisfied because the posting of tortious material on

the internet which is directed toward a state resident by an out-

of-state defendant has been held to constitute an in-forum act

for purposes of the statute.  Digital Equipment Corp. v.

AltaVista Technology, Inc., 960 F.Supp. 456, 466-67 (D.Mass.

---

[1]Some courts have held that analysis of the long-arm statute
is altogether unnecessary because the statute extends to the full
bounds of jurisdiction permissible under the due process clause.
See e.g., First Act, Inc. v. Brook Mays Music Co., 311 F.Supp.2d
258, 260 (D.Mass. 2004)("§ 3, has been construed to permit
jurisdiction to the limits allowed by the federal Constitution").

1997).  Accordingly, the instant motion will be resolved on the

basis of whether the assumption of personal jurisdiction over

Turnbull comports with due process requirements.

**B.  Due Process**

In the First Circuit, courts employ a three-part test to

determine whether the assumption of personal jurisdiction over a

defendant comports with due process:

> 1) the claim(s) must directly arise out of, or relate to,
> the defendant's forum-state activities;
>
> 2) the defendant's in-state contacts must represent a
> purposeful availment of the privilege of conducting
> activities in the forum state, thereby invoking the benefits
> and protections of that state's laws and making the
> defendant's involuntary presence before the state's courts
> foreseeable; and
>
> 3) the exercise of jurisdiction must, in light of the
> Gestalt factors, be reasonable.

Noonan, 902 F.Supp. at 303 (citing United Elec. Workers v. 163

Pleasant St. Corp., 960 F.2d 1080 (1st Cir. 1992)).

To satisfy the first prong, "the claim underlying the

litigation must directly arise out of, or relate to, the

defendant's forum-state activities."  Sawtelle v. Farrell, 70

F.3d 1381, 1389 (1st Cir. 1995).  In this case, plaintiff alleges

that the defendant has several Massachusetts contacts which

relate to the instant claims: 1) Turnbull's occasional business

travel to Massachusetts, 2) his supervision of in-state

employees, 3) his frequent telephonic contact with state

residents, 4) his alleged use of Massachusetts sources to learn

confidential information about Abiomed and 5) internet postings about a Massachusetts company and directed, in part, to Massachusetts residents. Those alleged contacts, if credited, are sufficiently related to the instant claims to satisfy the first prong of the due process appraisal.

To the extent that defendant argues that plaintiff's allegations concerning the internet postings should not be credited, that argument is rejected. Plaintiff has submitted numerous transcripts of Turnbull's internet postings which support the conclusion that Turnbull did, in fact, make the statements of which he is accused, to the satisfaction of the present standard of review.

Accepting plaintiff's allegations as true, Turnbull's business travel and telephonic contact with Massachusetts residents are "related to" the instant claims of misappropriation and defamation. Plaintiff alleges that the defendant obtained confidential information about Abiomed during his trips and telephone calls to Massachusetts. Turnbull's postings substantiate that allegation because, in them, he claims to have obtained "inside" information about Abiomed from Massachusetts sources. The subsequent dissemination of that information forms the basis of the instant claims. Thus, to the extent defendant has had contact with Massachusetts and its residents, that contact bears a nexus with plaintiff's claims.

-7-

Furthermore, defendant was allegedly aware that his internet postings were being read by Massachusetts residents and, in several instances, he directed his postings to those individuals. Last year, the Court in First Act, Inc. v. Brook Mays Music Co., 311 F.Supp.2d 258 (D.Mass. 2004) held that an email sent by an out-of-state defendant to 60 Massachusetts residents constituted a "contact" with Massachusetts for purposes of the first prong of the due process appraisal. Although this case involves a message board, rather than email affirmatively sent to a particular individual, the situation here is analogous to that of First Act because that defendant directed his postings to Massachusetts residents. As such, the fact that others could read them as well (because they were public postings) is inconsequential and they properly qualify as a Massachusetts contact. The first prong is satisfied.

In general, the second prong is satisfied if the defendant's contact with the jurisdiction was "voluntary" and was of such a nature so as to make the state's exercise of jurisdiction "forseeable". Sawtelle, 70 F.3d at 1391. In Hugel v. McNell, 886 F.2d 1 (1st Cir. 1989), the First Circuit Court of Appeals considered the application of the second factor in a defamation case. The Court analyzed the Supreme Court's "stream of commerce" cases and noted that placing a product into commerce, without more, does not establish personal jurisdiction in places

-8-

where that product ends up.  Id. at 4.  Similarly, in defamation
cases a rule emerged:

> defamatory "effect" [within a forum] by itself is not
> sufficient to confer jurisdiction over a foreign defendant.
> Rather, to make a prima facie showing, the victim of the
> defamatory statement must demonstrate that its author
> intended the libel to be felt in the forum state.

Noonan, 902 F.Supp. at 305 (emphasis in original)(summarizing
Hugel).  In Hugel, the exercise of jurisdiction over a defendant
was proper where that defendant had allegedly given defamatory
information about the plaintiff to the Washington Post, intending
that it be distributed nationally, including in plaintiff's home
state.  886 F.2d at 4-5.

The rule in Hugel favors the plaintiff in this case because
the defendant intentionally directed his postings toward Abiomed,
a Massachusetts company and to an audience of Massachusetts
residents.  Having done so, and given the unflattering nature of
the postings, it can be inferred that Turnbull intended harm to
be felt in Massachusetts.  As a result, the hailing of the
defendant into a Massachusetts court to answer for his actions
was foreseeable, if not inevitable.  Given that he found it
necessary to attempt to conceal his identity when making his
postings, he is in no position to disagree.  The second prong is
satisfied.

If factors one and two are satisfied, the court considers
the "Gestalt" factors to determine whether the assumption of

jurisdiction would be fair:

> a) the defendant's burden of appearing in the forum, b) the
> forum state's interest in adjudicating the dispute, c) the
> plaintiff's interest in obtaining convenient and effective
> relief, d) the judicial system's interest in obtaining the
> most effective resolution of the controversy, and e) the
> common interests of all sovereigns in promoting substantive
> social policies.

Noonan, 902 F.Supp. at 303.  The determination is fact-driven.

Here, neither party presents a compelling argument on the
third factor.  Defendant points out that he is an Ohio resident
who owns no property in Massachusetts.  Plaintiff, on the other
hand, cites its own convenience and the fact that defendant has,
in the past, made trips to Massachusetts.

Though highlighted by neither party, it is clear that
Massachusetts has an interest in adjudicating this dispute
because one of its corporate residents has allegedly been the
victim of misappropriation and defamation.  Also notable is the
fact that Massachusetts law will likely be applied.

On balance, an analysis of the Gestalt factors is largely
neutral.  Plaintiff offers no compelling argument that Turnbull
has ongoing ties to Massachusetts and defendant offers no
argument that his burden of appearance would be especially
burdensome.  Given the strong showing that the plaintiff has made
on the first two factors, its burden on the third is
correspondingly reduced.  Sawtelle v. Farrell, 70 F.3d at 1394
("the weaker the plaintiff's showings on the first two prongs ...

-10-

the less a defendant need show in terms of unreasonableness to defeat jurisdiction.  The reverse is equally true [as well]").  Accordingly, consideration of the third factor does not forestall the assumption of personal jurisdiction over Turnbull.  Defendant's motion will be denied.

### ORDER

In accordance with the foregoing, defendant's motion to dismiss (Docket No. 2) is **DENIED**.

**So ordered.**

_Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated July **||** , 2005

-11-