UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ABIOMED, INC.,                          )
                                        )
                    Plaintiff,          )
                                        )
v.                                      )
                                        )        Civil Action No. 05 CV 10105 NMG
MICHAEL L. TURNBULL,                    )
                                        )
                                        )
                    Defendant.          )
                                        )

## ANSWER TO THE COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Michael L. Turnbull (the "Defendant"), by his attorneys, Birnbaum &

Godkin, LLP, as for his Answer to the Complaint and Affirmative Defenses states as

follows:

## NATURE OF THE ACTION

Insofar as a response to this Paragraph is required, Defendant denies the

allegations contained in this Paragraph of the Complaint.

## PARTIES

1.      Defendant denies information or knowledge sufficient to form a belief as

to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.      Defendant admits that he resides in Columbus, Ohio and that his title is

Senior Midwest Region Sales Manager.  Defendant further admits that Thoratec is a

California corporation, and has its primary place of business in California.  Defendant

admits the remaining allegations contained in Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3.      Defendant denies the allegations contained in Paragraph 3 of the Complaint.  Insofar as the last sentence of Paragraph 3 asserts a conclusion of law, no response is required.

4.      Insofar as Paragraph 4 asserts a conclusion of law, no response is required.

**STATEMENT OF FACTS**

A.      **The AbioCor® Replacement Heart**

5.      Defendant denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.      Defendant denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.      Defendant denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.      Defendant denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

B.      **ABIOMED Confidentiality Agreements**

9.      Defendant denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.      To the extent that Plaintiff represents that ABIOMED takes significant steps to keep this information secret or that the information is confidential, Defendant denies the allegations contained in Paragraph 10 of the Complaint.  Defendant denies information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint.

- 2 -

## C.    The Yahoo! Message Board Postings

11.    Defendant admits that Yahoo! maintains public message boards. Defendant denies information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint.

12.    Defendant denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.    Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.    Defendant admits that he is employed by Thoratec Corporation and holds stock options and a financial interest in Thoratec Corporation.  Defendant admits that Thoratec competes with ABIOMED in a small segment of its business, but denies that Thoratec "competes directly" with ABIOMED.

15.    Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.    Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.    Defendant denies the allegations contained in Paragraph 17 of the Complaint.

**Count I:  Misappropriation of Trade Secrets and
Confidential and Proprietary Information**

18.    Defendant repeats and incorporates hereby by reference his responses to Paragraphs 1 through 17 of the Complaint.

19.    Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

### Count II: Violation of M.G.L. Ch. 93 §§ 42 and 42A

22.     Defendant repeats and incorporates hereby by reference his responses to Paragraphs 1 through 21 of the Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

### Count III: Tortious Interference With Advantageous Business and Contractual Relations

27.     Defendant repeats and incorporates hereby by reference his responses to Paragraphs 1 through 26 of the Complaint.

28.     Defendant denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

- 4 -

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint.

## Count IV: Defamation

33.     Defendant repeats and incorporates hereby by reference his responses to Paragraphs 1 through 32 of the Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint.

## Count V: Violation of
## the Massachusetts Consumer Protection Act (M.G.L. ch. 93A, § 11)

36.     Defendant repeats and incorporates hereby by reference his responses to Paragraphs 1 through 35 of the Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.    Defendant denies the allegations contained in Paragraph 40 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery because any information in Defendant's possession was not confidential or proprietary information or a trade secret.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery because Plaintiff has not identified any trade secret or other proprietary information.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery because Defendant was under no duty to maintain Plaintiff's information in confidence, and had no "confidential relationship" with Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant had no knowledge of Plaintiff's confidentiality agreements with its employees, agents, consultants, customers, suppliers or research partners, or of any duties owed by them to Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Defendant has not breached any contractual obligation to Plaintiff.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiff cannot prevail against Defendant and cannot recover damages, if any, by reason of estoppel.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

Plaintiff cannot prevail against Defendant and cannot recover damages, if any, by reason of waiver.

<u>NINTH AFFIRMATIVE DEFENSE</u>

Any losses suffered by Plaintiff are the result of its own conduct.

<u>TENTH AFFIRMATIVE DEFENSE</u>

None of the losses alleged by Plaintiff were caused by Defendant's conduct.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

Defendant exercised reasonable care in all of his dealings with Plaintiff.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

The conduct alleged in the Complaint does not support a claim for multiple or punitive damages.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff has failed to mitigate its damages, if any.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

If Plaintiff has been damaged, which is expressly denied, the damages were caused solely by Plaintiff's own negligence and/or fraudulent conduct, thereby barring Plaintiff from any recovery.

<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

Defendant was not the proximate cause of Plaintiff's damage, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not been damaged or harmed in any way.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant was not a party to the transaction or events of which Plaintiff complains.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the conduct complained of did not take place primarily and substantially within the Commonwealth of Massachusetts.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has not shown or pleaded special damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Any claims Plaintiff may have for defamation are barred by the truth of the statements at issue.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is guilty of unclean hands.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Statute of Limitations.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant at all times acted in good faith.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert any and all affirmative defenses which discovery proceedings may hereafter reveal to be appropriate

WHEREFORE, Defendant Michael L. Turnbull respectfully requests that this Court issue a judgment as follows:

    a.      Dismissing, with prejudice, the Complaint in its entirety;

    b.      Awarding Defendant his attorneys' fees, costs and disbursements incurred in defense of this action; and

    c.      Granting Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted,
MICHAEL L. TURNBULL,
By his attorneys,

Dated:  July 21, 2005

David S. Godkin (BBO#196530)
Erica Abate Recht (BBO# 641452)
Birnbaum & Godkin, LLP
280 Summer Street, 5th Floor
Boston, MA  02210
Tel: 617-307-6100
Fax: 617-307-6101

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2005, I caused a true copy of the above document to be served upon counsel for Abiomed, Inc. by first class mail.

Erica Abate Recht